IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RICHARD E. BELL, JR. and
KAREN K. BELL, Individually and as
Guardians of the Property of BRIAN E. BELL,
BRANDEN R. BELL, and BRIAN E. BELL,

        Plaintiffs,

vs.

FREDERIC A. ROSEN AND JOHNSON
PUBLISHING COMPANY, LLC a/k/a JOHNSON
PUBLISHING COMPANY, INC.,

        Defendants.

CIVIL ACTION

FILE No. 7:16-cv-00016-WLS

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT

Defendants, Johnson Publishing Company, LLC ("Johnson Publishing") and Frederic A. Rosen ("Rosen") (collectively, "Defendants"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(1), respectfully move for an order to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction, and in support state as follows:

### INTRODUCTION AND PROCEDURAL POSTURE

On August 27, 2014, Plaintiffs Richard and Karen Bell, individually, and as parents of Brian E. Bell, and Branden R. Bell, filed a defamation suit against Johnson Publishing (publisher of the Ebony.com website) and acclaimed author Mr. Rosen over a series of online web content pertaining to the investigation into and tragic death of Kendrick Johnson, an African-American high school sophomore. Plaintiffs' Complaint was originally filed in the Southern District of Georgia. (*See* Docket of *Bell v. Rosen, et al.*, No. 2:14-cv-00127 (S.D. Ga. 2014) attached as

106646195.2

Exhibit A.) At the time of the filing of the original Complaint, Mr. Rosen was a citizen and resident of New York.

Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(3), (6) and 12(e) because Plaintiffs' Complaint failed to state a claim and was brought in the wrong venue, or, alternatively, for a more definite statement. Before any ruling, Plaintiffs amended their Complaint. (*Id.*) However, the Amended Complaint solved none of the original Complaint's deficiencies, and Defendants moved to dismiss on the same grounds. (*Id.*) The Court, without ruling on the substance of the claims agreed with Defendants that venue was improper and transferred the matter to this Court. (*See* Sept. 22, 2015 Order attached as Exhibit B.) On September 23, 2015, Plaintiffs, without explanation, voluntarily dismissed their suit, implicitly invoking Georgia's renewal statute, O.C.G.A. § 9-2-61, and stating an intent to renew in the future. (*See* Sept. 23, 2015 Notice of Dismissal attached as Exhibit C.)

Georgia's renewal statute allows for a voluntarily dismissed case to "be recommenced in a court of this state or in a federal court either within the applicable period of limitations or within six months after the discontinuance or dismissal, whichever was later." O.C.G.A. § 9-2-61(a). The effect of the renewal statute is limited; it "is merely to treat a properly renewed action (i.e., an action reviewed within six months of dismissal of the previous action) as standing upon the same footing, *as to limitation*, with the original case." *Stevens v. FAA's Florist, Inc.*, 169 Ga. App. 189, 189, 311 S.E.2d 856, 856 (1983) (emphasis added and citation omitted). It does not establish or confer jurisdiction in the renewed action, as evidenced by the fact that Section 9-2-61(c) permits renewal even where "an action is discontinued or dismissed without prejudice for lack of subject matter jurisdiction." O.C.G.A. § 9-2-61. Thus any renewal action must have a basis for subject matter jurisdiction independent of the basis in the first action.

On February 16, 2016, Plaintiffs refiled their suit in this Court. (D.E. 1.) Plaintiffs allege that this Court has subject matter jurisdiction because complete diversity exists and the amount in controversy is over $75,000. (D.E. 1 ¶ 4.) In so doing, Plaintiffs apparently made no inquiry into the current citizenship and residency of the Defendants and, instead, relied on the information in their first action. Had Plaintiffs investigated before filing their second action, they would have known that Defendant Rosen—like Plaintiffs Richard, Karen, and Brian Bell—moved to Florida since the filing of the original action but before the renewal action. Since Defendant Rosen and three of the Bell Plaintiffs all reside in Florida, complete diversity does not exist, and this Court is bereft of subject matter jurisdiction under 28 U.S.C. § 1332.

## LEGAL ARGUMENT

### I.   LEGAL STANDARD

"According to the Supreme Court, the federal diversity statute, 28 U.S.C. § 1332, 'clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.'" *D.R. ex rel. Igles v. Grant*, 770 F. Supp. 2d 1337, 1342 (M.D. Ga. 2011) (quoting *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978)). "In determining diversity jurisdiction, the Supreme Court instructs federal courts to apply the well-established rule that diversity of citizenship is assessed at the time the action is filed." *Grant*, 770 F. Supp. 2d at 1342-1343 (quotation omitted). And "where ... the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity." *Id.* at 1343 (quotation omitted).

### II.   COMPLETE DIVERSITY DOES NOT EXIST

Plaintiffs' sole allegation of subject matter jurisdiction is that "[t]he Court has subject matter jurisdiction over [their] claim based on 28 U.S.C. § 1332 in that there is complete

diversity of citizenship between Plaintiffs and Defendants." (D.E. 1 ¶ 4.) Further, Plaintiffs claim that there is complete diversity of citizenship between the parties based on the incorrect assertion that Defendant Rosen "is a resident of the state of New York and may be served at his resident address, 125 S. Manor Avenue, Kingston, NY, 12301." (D.E. 1 ¶ 3.) Plaintiffs assert no other basis for subject matter jurisdiction.

Plaintiffs Complaint should be dismissed for lack of subject matter jurisdiction because Mr. Rosen is a citizen of Florida and was a citizen of Florida on February 16, 2016, when Plaintiffs filed their Complaint. Mr. Rosen moved from New York and has been a citizen and resident of Florida since the second half of October, 2015. (*See* April 22, 2016 Decl. of Frederic Rosen "Rosen Decl." ¶¶ 1, 3, attached as Exhibit D.)

"[A] change of domicile requires a concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely." *Grant*, 770 F. Supp. 2d 1337, 1344 (M.D. Ga. 2011). "Determining a party's intent requires courts to examine the totality of the circumstances." *Eastep v. Newman*, No. 1:12-CV-102 WLS, 2013 WL 1721609, at *3 (M.D. Ga. Apr. 22, 2013) (quotation omitted). "Both objective factors and subjective statements are relevant." *Id.* (citation omitted) "Objective factors include, among other things, payment of taxes, procurement of driver's license, exercise of voting rights, moving of personal belongings, ownership or rental of property, location of family, [and] place of employment." *Id.* (quotation omitted).

In October of 2015, Mr. Rosen moved to Florida to live with his 95-year-old mother at 9750 Sunrise Lakes Boulevard Apt. 302, Sunrise, Florida 33322. (Rosen Decl. at ¶ 3.) Mr. Rosen intends to remain in Florida indefinitely. (*Id.* at ¶ 4.) Moreover, Mr. Rosen has taken the following steps to establish his Florida roots:

- He changed his mailing address to Florida in October of 2015 (*Id.* ¶ 5);

- He took his valuables with him to Florida and disposed of his remaining New York furniture (*Id.* ¶ 6);

- He registered to vote in February, 2016 (*Id.* ¶ 7);

- He alerted his bank of his move to Florida (*Id.* ¶ 8); and

- He changed his address with his creditors to reflect his move to Florida (*Id.*).

In fact, Mr. Rosen has only once returned to New York since October of 2015, and the purpose of the trip was personal. (*Id.* ¶ 9.) Mr. Rosen is a citizen and resident of Florida. *See, e.g.*, *Eastep v. Newman*, No. 1:12-cv-102, 2013 WL 1721609, at *4 (M.D. Ga. April 22, 2013) (finding that, among other things, moving belongings and paying taxes in a certain state evidenced an intent to remain there). Coupled with the three Bell Plaintiffs' Florida citizenship, complete diversity is not present, and the Court lacks subject matter jurisdiction in this dispute.[1]

## CONCLUSION

WHEREFORE, Defendants, Johnson Publishing Company, LLC and Frederic A. Rosen respectfully request that the Court dismiss Plaintiffs' Complaint in its entirety and grant such other relief as is just, equitable, and proper.

---

[1] To the extent the Plaintiff allege that diversity of citizenship should be assessed when their original case was filed in 2014, they would be incorrect. This Court was divested of jurisdiction when Plaintiffs voluntarily dismissed their action. *Boran v. United Migrant Opportunity Servs., Inc.*, 99 F. App'x 64, 68 (7th Cir. 2004) (The district court was divested of jurisdiction when all parties agreed to the voluntary dismissal."); *see also Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012) ("a Rule 41(a)(1)(A)(ii) stipulation divests the court of jurisdiction"), *Lotman v. Adamson Contracting, Inc.*, 219 Ga. App. 898, 898 (1996) ("The voluntary dismissal filed in this case operated to divest the court of jurisdiction"). With no carry-over jurisdiction conferred by Georgia's renewal statute, the diversity determination hinges on the parties' citizenship on February 16, 2016.

Respectfully submitted this 22nd day of April, 2016.

                                        **CARLTON FIELDS JORDEN BURT, P.A.**

By:   */s/ Gail E. Podolsky*
      Georgia Bar No. 142021
      Email: gpodolsky@carltonfields.com
      1201 West Peachtree Street
      Suite 3000
      Atlanta, Georgia 30309
      404-815-3400
      404-815-3415 (fax)

      *Attorneys for Defendants Johnson Publishing Company, LLC and Frederic A. Rosen*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** was electronically filed with the Clerk by using the CM/ECF system, which will send a notice of electronic filing to all registered users of the CM/ECF system:

M. Brice Ladson, Esq.
Ladson Law Firm, P.C.
10375 Ford Avenue, Suite 3
P. O. Box 2819
Richmond Hill, Georgia 31324

Patrick T. O'Connor, Esq.
Paul H. Threkeld, Esq.
Lauren E. H. Meadows, Esq.
Oliver Maner LLP
218 West State Street
Savannah, Georgia 31401

This 22nd day of April, 2016.

>        */s/ Gail E. Podolsky*
>        Gail E. Podolsky
>        Georgia Bar No. 142021