IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RICHARD E. BELL, JR. and
KAREN K. BELL, Individually and as
Guardians of the Property of BRIAN E. BELL,
BRANDEN R. BELL, and BRIAN E. BELL,

    Plaintiffs,

vs.

FREDERIC A. ROSEN AND JOHNSON
PUBLISHING COMPANY, LLC a/k/a
JOHNSON PUBLISHING COMPANY, INC.,

    Defendants.

CIVIL ACTION

FILE No. 7:16-cv-00016-HL

## PLAINTIFFS' MOTION AND BRIEF TO CHALLENGE JURISDICTIONAL DISCOVERY MATERIAL IMPROPERLY DESIGNATED BY DEFENDANTS AS "FOR ATTORNEYS EYES ONLY" UNDER STIPULATED PROTECTIVE ORDER

COME NOW Plaintiffs in the above-captioned case, and, within the time permitted by this Court's May 5, 2016 Order granting jurisdictional discovery (ECF 10), file this Plaintiffs Motion and Brief to Challenge Jurisdictional discovery Material Improperly Designated by Defendants as "FOR ATTORNEYS EYES ONLY" under Stipulated Protective Order, showing the Court as follows:

On May 27, 2016, the parties submitted a Stipulated Protective Order regarding jurisdictional discovery only in the above-captioned case (ECF 12, para. 10, p. 9), prepared by Defendant's counsel. Under paragraph 10 of the protective order, any document or pleading containing "FOR ATTORNEY'S EYES ONLY" information must be filed under seal. Accordingly, Plaintiffs had no alternative but to file under seal their Plaintiffs' Brief in

Opposition to Defendant's Motion to Dismiss for lack of Subject Matter Jurisdiction (hereinafter "Opposition Brief") (Plaintiffs' June 15, 2016 Motion to File Documents Under Seal, ECF ___).

Plaintiffs requested documents from Defendant Rosen in their Fourth Amended Notice of Deposition dated May 23, 2016 (Rosen Deposition Exhibit 1).[1] Counsel for Rosen refused to produce any documents unless the parties agreed to the Stipulated Protective Order. (Email from Gail Podolsky from Brice Ladson of May 18, 2016, Exhibit A hereto). Attached hereto are emails and correspondence from counsel for Plaintiffs, Brice Ladson, to counsel for Rosen, Gail Podolsky, objecting to the terms of the Protective order (email from Ladson to Podolsky of May 19, 2016 and May 23, 2016, attached hereto as Exhibit B). Given the June 2, 2016 deadline (ECF 10) to complete jurisdictional discovery, counsel for Plaintiffs reluctantly agreed to the Protective Order with the condition that it be limited to jurisdictional discovery (emails from Ladson to Podolsky of May 25, 2016, Exhibit C hereto).

Counsel for Plaintiffs understood that only limited documents would be designated "FOR ATTORNEY'S EYES ONLY" (Ladson email to Podolsky, May 25, 2016, Exhibit C hereto). However, defense counsel designated all of the nearly 400 pages of documents produced by Rosen as "FOR ATTORNEY'S EYES ONLY". The documents produced by Rosen, consisting primarily of bank statements, loans, and credit card records, do not contain "trade secrets, proprietary business information, [nor are they]…otherwise subject to protection pursuant to applicable law," (ECF 12, para . 12, p 9).

Defendants only seek to unseal the portion of the Rosen documents used as exhibits in their Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (hereinafter "Opposition Brief". These include the following exhibits to Plaintiffs Opposition Brief: Rosen Deposition Exhibit 7 (Drivers License), Rosen Deposition Exhibit 28

---

[1] Rosen's deposition of June 1, 2016, with all exhibits, was submitted under seal with Plaintiff's Opposition Brief.

(Automobile Insurance Card); Rosen Deposition Exhibit 30 (Quitclaim deed to Sunrise Condominium); Rosen Deposition Exhibit 22 (Car Loan Records); Rosen Deposition Exhibit 32 (12 pages from Rosen's checking account showing deposits for book royalties); Opposition Brief, Exhibit C (2 pages from Rosen's checking account); Opposition Brief, Exhibit D (one page from Rosen Credit card statement); Opposition Brief, Exhibit E (one page of Rosen April, 2016 Medicare statement).

In the event that this Court grants the instant motion, Plaintiffs request that this Court also order Plaintiffs Opposition Brief to be filed in the open record of this Court.

WHEREFORE, Plaintiffs request that their Motion to Challenge Jurisdictional Discovery Material Improperly Designated by Defendants as "FOR ATTORNEY'S EYES ONLY" under Stipulated Protective Order be granted and that their Opposition Brief be filed in the open record of this Court.

Respectfully submitted this 15th day of June, 2016.

                                                **LADSON LAW FIRM, P.C.**

By:    /s/ M. Brice Ladson
        M. BRICE LADSON
        Ga. Bar No. 431071
        **ATTORNEY FOR THE PLAINTIFFS**

10375 Ford Avenue
3 Executive Court
P.O. Box 2819
Richmond Hill, Georgia 31324
(912) 459-1118

                                                **OLIVER MANER LLP**
                                                Patrick T. O'Connor
                                                Ga. Bar No. 548425
                                                Paul H. Threlkeld
                                                Ga. Bar No. 710731
                                                Lauren E. H. Meadows
                                                Ga. Bar No. 575757
                                                **ATTORNEYS FOR THE PLAINTIFFS**

PO Box 10186
Savannah, Georgia  31412
(912) 236-3311

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RICHARD E. BELL, JR. and
KAREN K. BELL, Individually and as
Guardians of the Property of BRIAN E. BELL,
BRANDEN R. BELL, and BRIAN E. BELL,

    Plaintiffs,

vs.

FREDERIC A. ROSEN AND JOHNSON
PUBLISHING COMPANY, LLC a/k/a
JOHNSON PUBLISHING COMPANY, INC.,

    Defendants.

CIVIL ACTION

FILE No. 7:16-cv-00016-HL

## Certificate of Service

I hereby certify that I have this day served a copy of the foregoing Motion upon all parties to this matter by filing this Motion electronically with the United States District Court, Middle District of Georgia, Valdosta Division, addressed to counsel of record as follows:

> Gail Podolsky
> Carlton Fields Jorden Burt, P.A.
> 1201 West Peachtree Street, Suite 3000
> Atlanta, Georgia 30309
> gpodolsky@carltonfields.com

THIS 15th day of June, 2016.

**LADSON LAW FIRM, P.C.**

By: /s/ M. Brice Ladson
M. BRICE LADSON
Ga. Bar No. 431071
**ATTORNEY FOR THE PLAINTIFFS**

10375 Ford Avenue
3 Executive Court
P.O. Box 2819
Richmond Hill, Georgia 31324
(912) 459-1118

**OLIVER MANER LLP**
Patrick T. O'Connor
Ga. Bar No. 548425
Paul H. Threlkeld
Ga. Bar No. 710731
Lauren E. H. Meadows
Ga. Bar No. 575757
**ATTORNEYS FOR THE PLAINTIFFS**

PO Box 10186
Savannah, Georgia 31412
(912) 236-3311


EXHIBIT A

# Brice Ladson

| | |
|---|---|
| **From:** | Podolsky, Gail E. <gpodolsky@carltonfields.com> |
| **Sent:** | Wednesday, May 18, 2016 8:22 PM |
| **To:** | 'Brice Ladson' |
| **Cc:** | Bounds, Justan C.; Pat O'Connor; Paul Threlkeld; 'Cheryl Quinn'; tina@ladsonlaw.com |
| **Subject:** | Bell v. Rosen et al. - draft stipulated protective order |
| **Attachments:** | Bell - Stipulated Protective Order(107701423_1).DOCX; Bell - Motion for Stipulated Protective Order(107701642_1).DOCX |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |
| | |
| **Categories:** | Yellow Category, Green Category, Purple Category, Blue Category, Campbell, Orange Category, Red Category |

Dear Brice,

As we discussed on the phone, the documents sought and deposition testimony that is likely to occur will encompass highly confidential information. Accordingly, we need a protective order in place prior to the disclosure of any confidential information. Attached is a draft Stipulated Protective Order and Motion for entry of same for your review and consideration. Please let me know if you have any edits or if I have your approval to sign and file.

With respect to the specific documents requested in the Third Amended Notice, we will be serving written objections and responses in due course.

Sincerely,

Gail



**Gail E. Podolsky**
Attorney at Law

One Atlantic Center
1201 W. Peachtree St. N.W., Ste. 3000
Atlanta, Georgia 30309-3455
Direct: 404.815.2714 | Fax: 404.815.3415

gpodolsky@carltonfields.com | www.carltonfields.com
bio |vcard

*Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product. If you do not expect such a communication please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*

# Brice Ladson



EXHIBIT B

**From:** Brice Ladson <mbrice@ladsonlaw.com>
**Sent:** Thursday, May 19, 2016 11:44 PM
**To:** Podolsky, Gail E.; Bounds, Justan C.; ptoau78 O'Connor; Paul Threlkeld; Lauren Meadows; Cheryl Quinn
**Subject:** Re: Bell v. Rosen et al. - draft stipulated protective order

**Follow Up Flag:** Follow up
**Flag Status:** Completed

Gail,

I haven't had the opportunity to fully review the proposed order, but we cannot agree to allow a party to keep secret "information that is not generally available to or accessible by the general public." That is too broad. Moreover, we need to know which of the documents we have requested in the deposition notice Mr. Rosen would deem confidential under the order.

We will send you are full comments on the order after we see the objections to the deposition notice.

Thanks,

Brice Ladson

On Wed, May 18, 2016 at 8:21 PM, Podolsky, Gail E. <gpodolsky@carltonfields.com> wrote:

Dear Brice,

As we discussed on the phone, the documents sought and deposition testimony that is likely to occur will encompass highly confidential information. Accordingly, we need a protective order in place prior to the disclosure of any confidential information. Attached is a draft Stipulated Protective Order and Motion for entry of same for your review and consideration. Please let me know if you have any edits or if I have your approval to sign and file.

With respect to the specific documents requested in the Third Amended Notice, we will be serving written objections and responses in due course.

Sincerely,

Gail

LAW OFFICES

# LADSON LAW FIRM, P.C.

M. Brice Ladson
bbrice@ladsonlaw.com

3 EXECUTIVE COURT
10375 FORD AVENUE
POST OFFICE BOX 2819
RICHMOND HILL, GEORGIA 31324

TELEPHONE (912) 459-1118
FAX (912) 459-1199

Savannah Office
236 E. Oglethorpe Avenue
Savannah, Georgia 31401

Telephone (912) 234-1118
Fax (912) 234-2377

May 23, 2016
(via E-Mail and U.S. Mail)

Gail E. Podolsky
Carlton Fields Jorden Burt, P.A.
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309

> Re: Richard E. Bell, Jr. and Karen K. Bell, Individually and as Guardians of
> of the Property of Brian E. Bell, Branden R. Bell and Brian E. Bell v. Frederic
> A. Rosen and Johnson Publishing Company, LLC a/k/a Johnson Publishing,
> Inc.
> United States District Court – Middle District of Georgia,
> Valdosta Division – Civil Case No. 7:16-cv-00016-HL

Dear Gail,

This letter is sent pursuant to Local Rule 37 as a good faith attempt to confer with opposing counsel in an effort to obtain the documents sought at the deposition of Defendant, Fred Rosen, set for June 1, 2016, in the above-captioned case.

Enclosed please find Plaintiff's Fourth Amended Notice of Deposition to Mr. Rosen. Plaintiffs have reduced the numbered requests from 33 to 10 in an attempt to resolve Mr. Rosen's objection that the number of requests exceeds the number admitted under Rule 34 of the Middle District Local Rules. In doing so, we do not concede that prior authorization for more than 10 requests is required by the Court.

The documentary evidence sought from Mr. Rosen fit squarely within the applicable case law on jurisdictional discovery in this case, as is explained in the following quotation:

> [Where a defendant changes domicile so as to create or destroy diversity], "[t]o show that his domicile has changed, Defendant must demonstrate (1) a physical residence in the 'new' state and, (2) an intent to stay in that 'new' state for an indefinite period of time. Defendant must show this change by a preponderance of the evidence.
>
> This intent can be proven by any number of objective factors, e.g. payment of taxes, procurement of driver's license, exercise of voting rights, moving of personal belongings,

ownership or rental of property, location of family, place of employment, etc. Subjective
comments and statements are to be given less weight when they conflict with objective
facts. No single factor is of overriding importance and the court should examine the
entire course of a person's conduct in determining domicile.

Branch Banking & Trust Co. v. WCDM Dev., LP, No. 5:11-CV-122 MTT, 2012 WL
928696, at *2 (M.D. Ga. 2012); see also 13E FED.PRAC. & PROC. JURIS. § 3612 ("Factors
frequently in account [in determining domicile] include...situs of personal and real property;
location of brokerage and bank accounts...; place of employment or business; driver's license
and automobile registration; payment of taxes; as well as several other aspects of human life
and activity.").

We are entitled to Mr. Rosen's driver's licenses, automobile registrations and Sunshine
Passes requested in para. No. 1 of the Notice. We are also entitled to the documentation sought
pertaining to his move to Florida, including evidence of what he did with his personal property
during the move (para. 4), moving expenses (para. 9), as well as household bills showing
where he has lived during the time period shortly before we voluntarily dismissed the case on
September 23, 2015, and the present (para. 6). A good case discussing all of these items, and
quoted with approval in this District, is Slate v. Shell Oil Company, 444 F. Supp.2d 1210,
1212-1219 (S.D. AL 2006).

Clearly, no argument can be made that we are not entitled to information showing
where Mr. Rosen works, his earnings, as well as the persons for whom he has worked (para.
7), since August of 2015. Likewise, we are entitled to any documents in which he has formally
declared his state of residence or residential address, such as state and federal tax returns
(para. 5), bank accounts or investment accounts (para. 8), United States passport, lawsuits or
the Ruth Rosen Living Trust (para. 10).

Mr. Rosen has objected to producing his bank statements and cancelled checks as well
as monthly statements of credit or debit cards, from August 1, 2015 to the present (paras. 2
and 3), on the grounds that such information is irrelevant and would amount to an "audit".
The term audit is not appropriate in this jurisdictional discovery context. Moreover, such
information is relevant to establish in part where Mr. Rosen has actually been living from the
time period just prior to voluntarily dismissal of the case to through the present. Plaintiffs will
discover where Mr. Rosen's bank and credit cards are maintained, as well as travel expenses
and other expenditures showing location, such as moving costs, living expenses, income taxes
(in New York), and the like.

We are not required to accept Mr. Rosen's self-serving statements of where he has lived
during this critical time period. In order to resolve your objections to paras. 2 and 3 of the
notice, we do not plan to make these documents part of the record unless and to the extent that
they show Mr. Rosen has not lived in Florida during this period. We will review the
unredacted documents and let you know which ones we need to use. We will also redact
irrelevant information before the deposition.

Time is clearly in the essence of this matter. We must complete jurisdictional discovery
by June 2, 2016, unless otherwise permitted by the Court. We should not be forced to compel
any other information requested in the Fourth Amended Notice of Deposition for Mr. Rosen. I

2

urge you to consider this matter and get back in touch with me tomorrow so that we can work this matter out amicably and get jurisdictional discovery completed within the time allowed by the Court.

We cannot agree to the blanket protective order you have proposed this is not a business litigation or other similar case in which confidential information is the subject of the case. We will, however agree to keep the following items confidential (1) Mr. Rosen's current physical address; (2) Mr. Rosen's current e-mail address; and (3) Mr. Rosen's current telephone numbers; and (4) Mr. Rosen's employment contract(s). If you desire any other specific items be kept confidential, please tell us what they are.

If I do not hear from you by the close of business tomorrow on how we may resolve this matter, I will proceed promptly to bring this matter to Judge Lawson's attention as suggested in his letter to counsel of May 19, 2016. Under the circumstances, with time so limited, we will not file a Motion to Compel before calling Judge Lawson.

Sincerely,

M. Brice Ladson

MBL/ceq
Enclosure
cc: Pat T. O'Connor, Esq. (via e-mail)
    Paul H. Threlkeld, Esq. (via e-mail)
    Lauren E. H. Meadows (via e-mail)

3

# Brice Ladson

| | |
|---|---|
| **From:** | Brice Ladson <mbrice@ladsonlaw.com> |
| **Sent:** | Tuesday, May 24, 2016 5:05 PM |
| **To:** | Podolsky, Gail E. (gpodolsky@carltonfields.com) |
| **Cc:** | Bounds, Justan C.; Pat O'Connor (pto@olivermaner.com); Paul Threlkeld (pht@olivermaner.com); Lauren Meadows (lmeadows@olivermaner.com); 'Cheryl Quinn'; tina@ladsonlaw.com |
| **Subject:** | RE: 4th Amended Notice for Rosen Deposition; objections, confidentiality order; Bell v. Rosen, CA No. 7:16-cv-00016-HL |
| **Attachments:** | Bell - Stipulated Protective Order(3).docx |

Gail,

This message follows our telephone conversation a short while ago regarding the above-captioned matters.

We will agree the proposed protective order for jurisdictional discovery <u>only</u> and subject to the changes set forth in the version attached hereto. We will have to revisit such an order for other discovery.

We do not agree that many of the documents we requested contain confidential information, and cannot agree that all information "not generally available to the public" can be made confidential by protective order. <u>Most importantly, we cannot agree that your client can prevent Mr. or Mrs. Bell from attending the Rosen deposition by designating some of the requested documents "FOR ATTORNEY"S EYES ONLY."</u> I have made changes to the protective order to prevent this problem. If you cannot agree, let me know ASAP so that I can contact judge Lawson tomorrow.

We understand that Mr. Rosen is producing the documents requested other than his 2015 tax return since it has not been filed, and possibly, the Roth Rosen Living Trust documents, if they can't be found. You object to earlier tax returns as irrelevant. We disagree, but will not take the matter to the Court based on the stipulation that Mr. Rosen was domiciled in NY prior to mid-October of 2015.

It is critical that we get the documents in the "rolling production" you promised when we first discussed this matter. You believe we should have all, or virtually all, of the requested documents by the close of business on Friday.

We hope that we do not have to involve judge Lawson at this early stage of the case. I will need your response by 12:00 PM tomorrow given our time constraints.

Thanks,

Brice

**From:** Brice Ladson [mailto:mbrice@ladsonlaw.com]
**Sent:** Monday, May 23, 2016 4:30 PM
**To:** Podolsky, Gail E. (gpodolsky@carltonfields.com)
**Cc:** Bounds, Justan C.; Pat O'Connor (pto@olivermaner.com); Paul Threlkeld (pht@olivermaner.com); Lauren Meadows (lmeadows@olivermaner.com); 'Cheryl Quinn'; tina@ladsonlaw.com
**Subject:** 4th Amended Notice for Rosen Deposition; objections, confidentiality order; Bell v. Rosen, CA No. 7:16-cv-00016-HL

Gail,

Please see attached my letter and Fourth Amended Notice of Deposition of even date in the above-captioned case. Given the June 2, 2016 deadline to complete jurisdictional discovery, we need to resolve our differences tomorrow. If not, we will attempt to arrange a call with Judge Lawson on Wednesday.

Thanks and sincerely,

Brice Ladson

# Brice Ladson



| | |
|---|---|
| **From:** | Brice Ladson <mbrice@ladsonlaw.com> |
| **Sent:** | Wednesday, May 25, 2016 1:19 PM |
| **To:** | 'Podolsky, Gail E.' |
| **Cc:** | 'Bounds, Justan C.'; 'Pat O'Connor'; 'Paul Threlkeld'; 'Lauren Meadows'; 'Cheryl Quinn'; 'tina@ladsonlaw.com' |
| **Subject:** | RE: 4th Amended Notice for Rosen Deposition; objections, confidentiality order; Bell v. Rosen, CA No. 7:16-cv-00016-HL |
| **Attachments:** | STIPULATED PROTECTIVE ORDER.pdf |

Gail,

OK. After reviewing the 10 categories of documents with you by telephone a short while ago, it appears that your primary AEO concern is the bank statements and credit card statements. We agree that the employment agreements can be AEO. Based on your assurance that we will get the Rosen documents tomorrow, and that we can discuss specific items that we need to talk to our clients about that are AEO, I will sign the order limited to jurisdictional discovery. It is attached hereto.

Thanks,

Brice


**From:** Podolsky, Gail E. [mailto:gpodolsky@carltonfields.com]
**Sent:** Wednesday, May 25, 2016 12:19 PM
**To:** 'Brice Ladson'
**Cc:** Bounds, Justan C.; 'Pat O'Connor'; 'Paul Threlkeld'; 'Lauren Meadows'; 'Cheryl Quinn'; 'tina@ladsonlaw.com'
**Subject:** RE: 4th Amended Notice for Rosen Deposition; objections, confidentiality order; Bell v. Rosen, CA No. 7:16-cv-00016-HL

Brice,

We cannot agree to the changes you have requested below. As I mentioned in my email below, we will not agree in advance to showing your clients AEO information. There is absolutely no reason your clients need to see Mr. Rosen's bank statements, credit card statements, etc. If for some reason your clients believe they are entitled to this information, the stipulated protective order has a provision governing that process.

Sincerely,

Gail

**From:** Podolsky, Gail E.
**Sent:** Wednesday, May 25, 2016 11:40 AM
**To:** 'Brice Ladson' <mbrice@ladsonlaw.com>
**Cc:** Bounds, Justan C. <JBounds@carltonfields.com>; Pat O'Connor <pto@olivermaner.com>; Paul Threlkeld <pht@olivermaner.com>; Lauren Meadows <lmeadows@olivermaner.com>; 'Cheryl Quinn' <cheryl@ladsonlaw.com>; tina@ladsonlaw.com

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RICHARD E. BELL, JR. and
KAREN K. BELL, Individually and as
Guardians of the Property of BRIAN E. BELL,
BRANDEN R. BELL, and BRIAN E. BELL,

    Plaintiffs,

vs.

FREDERIC A. ROSEN AND JOHNSON
PUBLISHING COMPANY, LLC a/k/a
JOHNSON PUBLISHING COMPANY, INC.,

    Defendants.

CIVIL ACTION

FILE No. 7:16-cv-00016-HL

## ORDER

Plaintiffs having filed their Motion to Challenge Jurisdictional Discovery Material Improperly Designated by Defendants as "FOR ATTORNEY'S EYES ONLY" Under Stipulated Protective Order in the above-captioned case, requesting that this Court unseal documents produced by Defendant, Frederic A. Rosen ("Rosen"), during jurisdictional discovery that were used as exhibits in Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, and it appearing to the Court that the Rosen documents at issue do not contain any trade secrets, confidential proprietary business information or any other information protected by law,

IT IS HEREBY ORDERED, that Plaintiffs' Motion to Challenge Jurisdictional Discovery Material Improperly Designated by Defendants as "FOR ATTORNEY'S EYES ONLY" Under Stipulated Protective Order is hereby GRANTED, and that Plaintiff's Brief in

Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, with attached Exhibits, is to be filed in the open record of this Court.

THIS 15th day of June, 2016.

By: _____
The Honorable HUGH LAWSON,
Senior Judge
United States District Court –
Middle District of Georgia –
Valdosta Division

SUBMITTED BY:

**LADSON LAW FIRM, P.C.**
**M. BRICE LADSON**
10375 Ford Avenue
3 Executive Court
P.O. Box 2819
Richmond Hill, Georgia 31324
(912) 459-1118

**OLIVER MANER LLP**
Patrick T. O'Connor
Ga. Bar No. 548425
Paul H. Threlkeld
Ga. Bar No. 710731
Lauren E. H. Meadows
Ga. Bar No. 575757
PO Box 10186
Savannah, Georgia 31412
(912) 236-3311

**ATTORNEYS FOR THE PLAINTIFFS**